STUCKY, Judge
(dissenting):
I respectfully dissent from the judgment of the Court to set aside Appellant’s conviction.
The military judge fashioned a remedy for the unlawful command influence and gave Appellant an opportunity to object to it. Appellant did not object and the military judge continued the court-martial until the remedy could be implemented. With the consent of the parties, the military judge reconvened the court-martial more than seventy days later. The military judge inquired as to the implementation of the remedy. Defense *359 counsel affirmed that the remedy had been implemented and, when given the opportunity to object or voice any concerns or raise additional motions, responded, “Nothing at this time.”
The majority notes that “this Court has not applied the doctrine of waiver where unlawful command influence is at issue.” United States v. Douglas, 68 M.J. at 356 n. 7 (C.A.A.F.2010). This case is not about waiver of the unlawful command influence issue— Appellant’s attorneys raised, argued, and prevailed on that issue at trial. Instead, this case concerns whether an appellant has a duty to notify the military judge if and when an instituted remedy proves unsatisfactory.
I believe he does.
The majority rests its holding on the fact that it does not know whether the remedy was successfully implemented because the defense did not call any character witnesses to testify on Appellant’s behalf at this judge-alone trial. But there is good reason for our ignorance; the defense failed to complain at trial that the remedy was ineffective or provide facts upon which such a conclusion could be drawn, even though any such facts were solely within its knowledge.
Despite the absence of these necessary facts, the majority suggests the prosecution had a duty to show that the presentation of a good character defense was infeasible. Id. at 356-57. There are many reasons why Appellant’s counsel may have finally decided not to present such a defense, even if it were feasible to do so. Placing the burden on the prosecution to prove the defense was infeasible makes no sense, unless the majority believes that Appellant’s counsel were ineffective. On the record before us, there is no evidence or reason to believe that the same aggressive defense attorneys who had prevailed on the unlawful command influence issue suddenly lost their courage and were afraid to notify the military judge that the remedy had not been fully implemented or had not worked. On the facts of this case, I am convinced beyond a reasonable doubt that the remedy fashioned by the military judge purged the taint of the unlawful command influence.